IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| LIGHT FOR LIFE, INC., and : <br> DAVID BYUNG KOOK KANG, : <br>   : <br> Plaintiffs, : <br>   : <br> v. : <br>   : <br> OUR FIRM FOUNDATION FOR : <br> KOREANS, INC., PAUL IM, CHANG : <br> SUP SHIM, and JUSTIN KIM, : <br>   : <br> Defendants. : <br> _____ : | No. 3:12-CV-38 (CAR) |

### ORDER ON DEFENDANTS' MOTIONS TO DISMISS

Before the Court are Defendants', Our Firm Foundation for Koreans, Inc., Paul Im, Chang Sup Shim, and Justin Kim (collectively "Defendants"), Motion to Dismiss Plaintiffs' Light for Life, Inc. and Pastor David Byung Kook Kang's Complaint [Doc. 10] and Motion to Dismiss Plaintiffs' Amended Complaint [Doc. 14].

After considering Defendants' Motion to Dismiss Plaintiffs' Amended Complaint, the relevant law, and the parties' responses and replies thereto, Defendants' Motion to Dismiss [Doc. 14] is **GRANTED in part** and **DENIED in part**.

1

Defendants' Motion to Dismiss[1]  Plaintiffs' Original Complaint [Doc. 10] is **TERMINATED as MOOT.**

## STANDARD OF REVIEW

On a motion to dismiss, the Court must accept as true all well-pleaded facts in a plaintiff's complaint.[2]  To avoid dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain specific factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[3]  A claim is plausible where the plaintiff alleges factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[4]  The plausibility standard requires a plaintiff to allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports a plaintiff's claims.[5]

## BACKGROUND

This copyright infringement action arises out of Defendants' alleged attempt to usurp control of Plaintiff Kang's ("Pastor Kang") Christian ministry that Pastor Kang founded and operated.  Accepting the facts in the Amended Complaint as true and construing them in the light most favorable to Plaintiffs, the facts are as follows.

---

[1] To the extent that Defendants reference their first Motion with respect to the statement of the facts, the Court incorporates this portion into the second Motion.
[2] *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009).
[3] *Ashcroft v. Iqbal*, 556 U.S. 662, --- (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[4] *Id.*
[5] *Bell Atl. Corp.*, 550 U.S. at 556.

2

The Ministry

In 1990 Pastor Kang started his own Christian ministry and thereafter incorporated Defendant Our Firm Foundation for Koreans, Inc. ("OFFFK") in Georgia to serve as an outlet for his ministry. Pastor Kang later founded and incorporated Plaintiff Light for Life, Inc. ("Light for Life") in Georgia in 1993. Light for Life became the official vehicle of Pastor Kang's ministry in which he taught, preached, and disseminated information in the United States and around the world.

Since the incorporation of Light for Life, Plaintiffs continually used the trade names "Light for Life" and "Light for Life Ministries" (the "Trademarks") as the brand of the ministry. The Trademarks, jointly owned by Plaintiffs, are specifically used to identify the ministry's goods and services that are distributed internationally. One such use is the domain name, www.lightforlife.org, registered "in the name of another individual as authorized by Pastor Kang, Min Ju Kim."[6]

Some of the products distributed or sold by Plaintiffs under the Trademarks include written and recorded ministerial works, educational materials, and seminars, created by Pastor Kang over a span of twenty years (collectively, the "Copyrighted Works"). As of the date of filing the Amended Complaint, the United States Copyright Office has issued Certificates of Registration for some of the Copyrighted

---

[6] [Doc. 11 at ¶ 36].

Works; additional registrations for the remaining non-copyrighted works are currently pending. Plaintiffs jointly own the exclusive rights to the Copyrighted Works.

As the exclusive owners of the Trademarks and Copyrighted Works, Plaintiffs authorized and licensed the manufacture and sale of various products that bear the likeness of the Trademarks and Copyrighted Works. Over time, the Trademarks have come to identify Plaintiffs' products and their authorized licensing, sales, or distribution of, in part, the Copyrighted Works. Thus, the Trademarks have acquired secondary meaning in the minds of consumers throughout the world.

OFFFK & the Ministry

Since its inception in 1990, Pastor Kang's ministry expanded worldwide, in part due to OFFFK's involvement. OFFFK used and disseminated the Copyrighted Works pursuant to a limited master license granted by Pastor Kang. This license could be terminated and revoked at the sole and absolute discretion of Pastor Kang.

OFFFK, like any corporation, is controlled by its Board of Directors. From its inception, Pastor Kang not only served as the established pastor but also as a member of the Board of Directors (the "Board"). Defendants Paul Im, Chang Sup Shim, and Justin Kim (collectively, "Individual Defendants") served with Pastor Kang on the Board. Until 2009 OFFFK continued without issue in the direction consistent with Pastor Kang's understanding of his ministry.

However, in April 2009, Defendants Im and Shim disagreed theologically with Pastor Kang's direction of his ministry and attempted to usurp control of the Board. This agreement was ultimately resolved when Im and Shim agreed that Pastor Kang, as ministry founder, should have veto power over any decision by the Board that was contrary to his understanding and direction of the faith-based issues of the ministry.

Notwithstanding this agreement, "disharmony and strife" continued for another two years.[7] In December 2011, while Pastor Kang was suffering from serious heart complications, Individual Defendants took action to seize control of OFFFK and Light for Life. These efforts included creating fraudulent corporate records and seizing bank accounts. Individual Defendants also seized the ministry website, www.lightforlife.org, by changing the administrative login and password information to effectively block Plaintiffs from accessing the website. Defendants subsequently changed the content of the website in a manner Plaintiffs describe as "derogatory and defamatory."[8]

Throughout the winter of 2011-2012, Individual Defendants retained control of OFFFK and Light for Life. During this time they continued to allow the Copyrighted Works to be sold and distributed through the ministry website. Plaintiffs allege that Defendants engaged in direct competition with Plaintiffs' established ministries and

---

[7] *Id.* at ¶ 29.
[8] *Id.* at ¶13.

congregations, including selling or distributing competing goods or services domestically and abroad. Defendants additionally identified their products or services by using or including the Plaintiffs' Trademarks as part of those goods or services.

The conflict continued to escalate when, in February of 2012, Defendants Im and Shim filed an annual report with the Georgia Secretary of State, purporting to remove Pastor Kang from his position of CEO of OFFFK. As a result, Pastor Kang appointed additional Directors, and the Board removed Defendants Im and Shim from all administrative positions.

Procedural History

On March 30, 2012, Plaintiffs filed the instant action against Defendants. In lieu of filing an answer, Defendants filed a Motion to Dismiss Plaintiffs' Complaint [Doc. 10]. In addition to responding to Defendant's Motion, Plaintiffs filed an Amended Complaint [Doc. 11]. Therein, Plaintiffs assert the following nine counts against all Defendants: cyberpiracy, in violation of the Anticybersquatting Consumer Protection Act ("ACPA")[9] ("Count I"); false designation of origin ("Count II") pursuant to the Lanham Act[10]; copyright infringement, in violation of the Copyright Act[11] ("Count

---

[9] 15 U.S.C. § 1125(d).
[10] *Id.* at §§ 1125(a), (c).
[11] 17 U.S.C. § 101, *et seq.*

IV");[12] trademark infringement, counterfeiting, and dilution, pursuant to both federal and state law ("Count V"); unfair competition under state common law ("Count VI"); deceptive trade practices, under O.C.G.A. § 10-1-370, *et seq.* ("Count VII"); conversion ("Count VIII"); civil liability for computer trespass, pursuant to O.C.G.A. § 16-9-93 ("Count IX"); and civil liability for false identification by use of computer, pursuant to O.C.G.A. § 16-9-93.1 ("Count X").  Subsequently, Defendants filed a Motion to Dismiss Plaintiffs' Amended Complaint [Doc. 14].

Plaintiffs' Amended Complaint acts to supersede their original pleading and thus renders Defendants' first Motion to Dismiss [Doc. 10] moot.[13]  Accordingly, Defendant's Motion to Dismiss [Doc. 10] is **TERMINATED as MOOT**.  Therefore, the Court will focus on Defendant's Motion to Dismiss Plaintiffs' Amended Complaint [Doc. 14] and the arguments raised therein.

## DISCUSSION

In their Motion to Dismiss, Defendants raise two issues regarding Plaintiffs' Amended Complaint.  First, Defendants argue that Count One, Cyberpiracy against OFFFK pursuant to 15 U.S.C. § 1125(d), fails as a matter of law because it is not

---

[12] Under "Count III" in their Amended Complaint, Plaintiffs state that they have "voluntarily withdrawn" their claim for unfair competition pursuant to the Lanham Act, 15 U.S.C. § 1125(a), (c). The Court will thus refer to the separate counts in Plaintiffs' Amended Complaint using Plaintiffs' designation, thereby excluding "Count III" for the purposes of this Order.

[13] *See Pintando v. Miami-Dade Hous. Auth.*, 501 F.3d 1241, 1243 (11th Cir. 2007) ("As a general matter, an amended pleading supersedes the former pleading.") (internal quotation marks and citation omitted).

brought against the registrant of a domain name.  Second, Defendants contend that all claims against Individual Defendants should be dismissed as a matter of law because Plaintiffs have not properly alleged any reason to pierce the corporate veil and bring suit against the directors of OFFFK.  The Court will analyze these issues separately.

Cyberpiracy

Count I of Plaintiffs' Amended Complaint alleges Defendants engaged in cyberpiracy with respect to Plaintiffs' registration of their website domain name, www.lightforlife.org.  The ACPA protects the owner of a distinctive or famous trademark from another's bad faith intent to profit from the mark by registering or using a domain name which is identical or confusingly similar to, or dilutive of, the trademark owner's mark without regard to the goods or services of the parties.[14]  "To prevail under the ACPA, a plaintiff must prove that (1) its mark is distinctive or famous and entitled to protection; (2) the defendant's domain name is identical or confusingly similar to the plaintiff's mark; and (3) the defendant *registered[, trafficked,] or used* the domain name with a bad faith intent to profit."[15]

Defendants challenge this third element in their Motion, specifically stating Plaintiffs fail to allege OFFFK registered, trafficked, or used the domain name

---

[14] 15 U.S.C. § 1125(d).
[15] *Bavaro Palace, S.A. v. Vacation Tours, Inc.*, 203 F. App'x 252, 256 (11th Cir. 2006) (citing *Shields v. Zuccarini*, 254 F.3d 476, 482 (3d Cir. 2001) (emphasis added)).

www.lightforlife.org, in violation of ACPA. Because Plaintiffs only respond to whether Defendant used the domain name, the Court will consider this issue first.

Section 1125(d)(1)(D) imposes liability for "using a domain name … only if [the defendant] is the domain name registrant or that registrant's authorized licensee."[16] Here, Plaintiffs clearly allege that Pastor Kang authorized the registration of the domain name in Min Ju Kim's name. Thus, under the plain language of the statute, Min Ju Kim is the only individual who can be held liable for "us[ing]" the domain name.

In their response, Plaintiffs argue that the failure of a party to actually register a domain name does not relieve a competitor of liability under the ACPA, "despite the facial provision" contained in § 1125(1)(D).[17] Relying on *Verizon California, Inc. v. Navigation Catalyst Systems, Inc.*,[18] Plaintiffs argue that Congress did not intend for the liability of the statute to hinge upon the plain meaning of the term "registrant" but instead intended "to limit liability for cyberpiracy to those who have the power of dominion over an offending domain (or their direct agents)."[19] The Court disagrees.

---

[16] 15 U.S.C. § 1125(d)(1)(D); *see B&F Syst., Inc. v. LeBlanc*, No. 7:07-CV-192 (HL), 2012 WL 2529191, at *6 (M.D. Ga. June 29, 2012) (limiting jury verdict liability to the registrant of the domain name pursuant to 15 U.S.C. § 1125(1)(D)).
[17] [Doc. 15 at 6] (emphasis added).
[18] 568 F. Supp. 2d 1088 (C.D. Cal. 2008).
[19] [Doc. 15 at 7].

In *Verizon* the plaintiffs accused the defendants of registering over one thousand domain names that were confusingly similar to the plaintiffs' trademarks and trade names.  Challenging these allegations, the defendants argued that many of the domain names were merely "reserved" and not "registered," and thus argued that the plaintiffs' cyberpiracy claims failed under the plain language of the ACPA.  The *Verizon* court rejected the defendant's argument and held that "reserving" a domain name was in effect the same as "registering" a domain name.[20]

In contrast, in this case, Plaintiffs allege that OFFFK <u>usurped</u> control of the domain name registered in the name of Min Ju Kim.  To interpret the ACPA's clear definition of "using" to mean "usurping control" as Plaintiffs' argue here, would effectively rewrite the ACPA to extend liability to an individual who had no role in registering, or even reserving, a domain name.  Such an interpretation extends far beyond the *Verizon* court's interpretation and would ignore Congress' clear intent to hold "only" the domain name registrants or the registrant's authorized licensee liable.[21]  Moreover, because the Court concludes above that the ACPA definition of

---

[20] *Verizon*, 567 F. Supp. 2d at 1095.
[21] 15 U.S.C. § 1125(d)(1)(D) ("A person shall be liable for using a domain name under subparagraph (A) only if that person is the domain name registrant or that registrant's authorized licensee.").

"use[ ]" is unambiguous, it is unnecessary to look beyond the plain language of the statute and consider the legislative history.²²

To the extent that Plaintiffs allege that OFFFK registered or trafficked the domain name, these claims also fail.  Plaintiffs' Amended Complaint clearly alleges that the domain name is registered in Min Ju Kim's name.  Plaintiffs neither allege, nor do they even appear to remotely contend, that the domain name is registered in the name of OFFFK.²³  Accordingly, the Court concludes that Plaintiffs fail to state a claim against OFFFK for "register[ing]" the domain name in violation of the ACPA.

Plaintiffs also failed to plead any facts that would support an assertion that OFFFK trafficked the domain name.  The ACPA defines "traffics in" as "transactions that include, but are not limited to, sales, purchases, loans, pledges, licenses, exchanges of currency, and any other transfer for consideration or receipt in exchange for consideration."²⁴  Plaintiffs neither allege any such facts in their Amended Complaint nor make any argument in support of such a claim in their response.

---

²² *Consol. Bank, N.A. v. Office of Comptroller of Currency*, 118 F.3d 1461, 1463 (11th Cir. 1997) (holding that a court looks beyond the plain language of a statute only when it is unclear or ambiguous, when Congress has clearly expressed a legislative intent to the contrary, or when an absurd result would ensue from adopting the plain language interpretation).

²³ *See Vulcan Golf, LLC v. Google, Inc.*, 726 F. Supp. 2d 911, 916 (N.D. Ill. 2010) (concluded that Google, who provided advertising revenue program for holders of undeveloped domain names, did not "register" domain names nor was a "registrant of domain names" under ACPA).

²⁴ 15 U.S.C. § 1125(d)(1)(E).

11

Based on the foregoing, Count I of Plaintiffs' Complaint alleging cyberpiracy against OFFFK in violation of the ACPA is **DISMISSED**.  Defendant's Motion to Dismiss Count I of Plaintiffs' Complaint with respect to OFFFK is **GRANTED**.  In light of the Court's finding below regarding Defendants' argument to dismiss Individual Defendants and because Defendants have not moved to dismiss this Count against Individual Defendants (and thus Plaintiffs have not had the opportunity to respond), the Court concludes that Count I, with respect to Individual Defendants, must remain.

Individual Defendants

Defendants next argue that Individual Defendants should be dismissed from the instant action entirely because Plaintiffs do not sufficiently allege facts to establish their individual liability.  In their response Plaintiffs argue that they are seeking to hold Individual Defendants personally liable for their participation in tortious actions by contending that Individual Defendants were directly and personally involved in.[25]

Under Georgia law, it is generally true that an individual will not be personally liable for a corporation's torts solely on the basis of his position as an officer or director for the corporation.[26]  However, "[i]t is equally well settled that personal participation by a corporate employee, officer, director in the wrongful activities of a

---

[25] In their response, Plaintiffs clarify that they do not seek to hold Individual Defendants liable under the theory of piercing the corporate veil.  Accordingly, the Court need not address this argument raised by Defendant.

[26] *Delong Equip. Co. v. Wash. Mills Abrasive*, 840 F.2d 843, 851 (11th Cir. 1988) (citation omitted).

corporation is sufficient to make the individual, as well as the corporation, substantively liable for a tort."[27]  In such a circumstance, it is not necessary that a plaintiff pierce the corporate veil in order to hold an individual officer liable.[28]

Here, Plaintiffs refer to Defendants collectively throughout the majority of their Amended Complaint.  Nevertheless, Plaintiffs sufficiently allege specific facts about Individual Defendants to establish their personal participation in the alleged tortious conduct.  Plaintiffs allege that Individual Defendants, members of the Board of Directors of OFFFK, "seiz[ed] control of the ministry of OFFFK and Light for Life" by "creating fraudulent corporate records, seizing control of bank accounts, seizing corporate vehicles, and disseminating slanderous and libelous statements to church members, ministry affiliates, and ministry donors in the United States and abroad."[29] Individual Defendants also "completely blocked Plaintiffs' access to the ministry websites" and "continued to allow the Copyrighted Works to be sold and distributed through the ministry website."[30]  These allegations, coupled with Plaintiffs' allegations against Defendants collectively, are sufficient to allege Individual Defendant's personal participation in tortious conduct.

---

[27] *Id.*
[28] *In re Nix*, Nos. 91-4040-COL, 91-4062-COL, 1992 WL 119143, at *5 (M.D. Ga. Apr. 10, 1992).
[29] [Doc. 11 at ¶ 29].
[30] *Id.* at ¶¶ 30, 31.

Moreover, the Court is cognizant that a heightened pleading standard, as suggested by Defendants, is not required in copyright and trademark infringement cases. Plaintiffs' Complaint instead must satisfy the liberal notice pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. In this case, Plaintiffs' allegations sufficiently put Individual Defendants on notice of what they have done to become personally liable.[31] Accordingly, Plaintiffs' Amended Complaint against Individual Defendants comports with Rule 8, and therefore states a claim upon which relief may be granted. Defendant's Motion to dismiss Individual Defendants is **DENIED**.

## CONCLUSION

Based on the foregoing, Defendant's Motion to Dismiss [Doc. 10] Plaintiffs' original pleading is **TERMINATED as MOOT**. Defendant's Motion to Dismiss Plaintiffs' Amended Complaint [Doc. 14] is **GRANTED IN PART** and **DENIED IN PART.** Defendant's Motion is **GRANTED** with respect to Count I being dismissed against OFFFK. With respect to Plaintiffs' counts against Individual Defendants, Defendants' Motion is **DENIED**. Accordingly, Plaintiffs' Counts II, IV, V, VI, VII, VIII,

---

[31] *See Ware v. Circuit City Stores, Inc.*, No. 4:05-CV-1056-RLV, 2010 WL 767094 (N.D. Ga. Jan. 5, 2010) (concluding that merely inserting individual names of defendants and paraphrasing statute in complaint did not give defendants notice of what they did to infringe patent).

IX, and X will remain against all Defendants, and Plaintiffs' Count I will remain against Individual Defendants only.

**SO ORDERED,** this 24th day of December, 2012.

                                            <u>S/  C. Ashley Royal</u>
                                            C. ASHLEY ROYAL
                                            UNITED STATES DISTRICT JUDGE

LMH/bbp