IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| LIGHT FOR LIFE, INC., and : | |
| DAVID BYUNG KOOK KANG, : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | |
| : | No. 3:12-CV-38 (CAR) |
| OUR FIRM FOUNDATION FOR : | |
| KOREANS, INC., PAUL IM, CHANG : | |
| SUP SHIM, and JUSTIN KIM, : | |
| : | |
| Defendants. : | |
| _____ : | |

**ORDER ON DEFENDANTS' MOTION FOR RECONSIDERATION**

Defendants, Our Firm Foundation for Koreans, Inc., Paul Im, Chang Sup Shim, and Justin Kim (collectively "Defendants"), have moved this Court [Doc. 20] to reconsider its September 24, 2012 Order [Doc. 17] granting in part and denying in part Defendants' motion to dismiss. Specifically, Defendants' request that this Court reconsider its denial to dismiss Count I with respect to the individually named Defendants. Plaintiffs have not responded to Defendants' Motion and the time in which to do so has expired.

1

Local Rule 7.6 provides that "[m]otions for reconsideration shall not be filed as a matter of routine practice."[1] Indeed, "it is well-settled that motions for reconsideration are disfavored and that relief under Rule 59(e) is an extraordinary remedy to be employed sparingly."[2] Accordingly, Courts grant these motions in three limited circumstances: (1) an intervening change in controlling law, (2) the availability of new evidence, and (3) the need to correct clear error or manifest injustice.[3] Most importantly, "[a] motion for reconsideration does not provide an opportunity to simply reargue the issue the Court has once determined."[4]

In the Court's Order of September 24, 2012, the Court found that the individual Defendants had not moved to dismiss Count I for failure to state a claim and thus granted Defendants' Motion to dismiss Count I with respect to only Defendant Our Firm Foundation for Koreans. In their Motion, Defendants highlight various areas in their motion to dismiss that clarifies that <u>all</u> Defendants, including the individual Defendants, moved to dismiss Count I. Based on Defendants' Motion and all the material cited therein, the Court concludes that granting Defendants' Motion would

---

[1] L.R. 7.6.
[2] *Krstic v. Princess Cruise Lines, Ltd. (Corp.)*, 706 F. Supp. 2d 1271, 1282 (S.D. Fla. 2010).
[3] *Id.*; *see* Fed. R. Civ. P. 59(e).
[4] *Pennamon v. United Bank*, No. 5:09-CV-169 (CAR), 2009 WL 2355816, at *1 (M.D. Ga. July 28, 2009) (internal quotation marks omitted).

2

correct the Court's clear error in denying Defendants' motion to dismiss Count I with respect to the individual Defendants.

In accordance with the foregoing, Defendants' Motion for Reconsideration [Doc. 20] is **GRANTED**.  The Court hereby VACATES the portion of its Order dated September 24, 2012 [Doc. 17], to the extent it allows Plaintiffs' Count I to remain against Individual Defendants.  Further, the Court MODIFIES its Order [Doc. 17] to dismiss Count I in its entirety, against all Defendants.  All other portions of the Court's Order [Doc. 17] remain unchanged.

**SO ORDERED,** this 2nd day of November, 2012.

S/  C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

LMH