IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| LIGHT FOR LIFE, INC., and | : | |
| DAVID BYUNG KOOK KANG, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | No. 3:12-CV-38 (CAR) |
| OUR FIRM FOUNDATION FOR | : | |
| KOREANS, INC., PAUL IM, CHANG | : | |
| SUP SHIM, and JUSTIN KIM, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

## ORDER ON DEFENDANTS' MOTION FOR RECONSIDERATION

Defendants, Our Firm Foundation for Koreans, Inc., Paul Im, Chang Sup Shim, and Justin Kim (collectively "Defendants"), have moved this Court [Doc. 20] to reconsider its September 24, 2012 Order [Doc. 17] granting in part and denying in part Defendants' motion to dismiss. Specifically, Defendants' request that this Court reconsider its denial to dismiss Count I with respect to the individually named Defendants. Plaintiffs have not responded to Defendants' Motion and the time in which to do so has expired.

1

Local Rule 7.6 provides that "[m]otions for reconsideration shall not be filed as a matter of routine practice."[1]  Indeed, "it is well-settled that motions for reconsideration are disfavored and that relief under Rule 59(e) is an extraordinary remedy to be employed sparingly."[2]  Accordingly, Courts grant these motions in three limited circumstances: (1) an intervening change in controlling law, (2) the availability of new evidence, and (3) the need to correct clear error or manifest injustice.[3]  Most importantly, "[a] motion for reconsideration does not provide an opportunity to simply reargue the issue the Court has once determined."[4]

In the Court's Order of September 24, 2012, the Court found that the individual Defendants had not moved to dismiss Count I for failure to state a claim and thus granted Defendants' Motion to dismiss Count I with respect to only Defendant Our Firm Foundation for Koreans.  In their Motion, Defendants highlight various areas in their motion to dismiss that clarifies that all Defendants, including the individual Defendants, moved to dismiss Count I.  Based on Defendants' Motion and all the material cited therein, the Court concludes that granting Defendants' Motion would

---

[1] L.R. 7.6.
[2] *Krstic v. Princess Cruise Lines, Ltd. (Corp.)*, 706 F. Supp. 2d 1271, 1282 (S.D. Fla. 2010).
[3] *Id.*; *see* Fed. R. Civ. P. 59(e).
[4] *Pennamon v. United Bank*, No. 5:09-CV-169 (CAR), 2009 WL 2355816, at *1 (M.D. Ga. July 28, 2009) (internal quotation marks omitted).

2

correct the Court's clear error in denying Defendants' motion to dismiss Count I with respect to the individual Defendants.

In accordance with the foregoing, Defendants' Motion for Reconsideration [Doc. 20] is **GRANTED**.  The Court hereby VACATES the portion of its Order dated September 24, 2012 [Doc. 17], to the extent it allows Plaintiffs' Count I to remain against Individual Defendants.  Further, the Court MODIFIES its Order [Doc. 17] to dismiss Count I in its entirety, against all Defendants.  All other portions of the Court's Order [Doc. 17] remain unchanged.

**SO ORDERED,** this 2nd day of November, 2012.

S/  C. Ashley Royal  
C. ASHLEY ROYAL  
UNITED STATES DISTRICT JUDGE

LMH