IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| LIGHT FOR LIFE, INC., and <br> DAVID BYUNG KOOK KANG, <br><br> Plaintiffs, <br><br> v. <br><br> OUR FIRM FOUNDATION FOR <br> KOREANS, INC., PAUL IM, CHANG <br> SUP SHIM, and JUSTIN KIM, <br><br> Defendants, | : <br> : <br> : <br> : <br> : <br> : <br> : No. 3:12-CV-38 (CAR) <br> : <br> : <br> : <br> : <br> : <br> : |

**ORDER ON MOTIONS**

Before the Court is Defendant/Counter-Plaintiff Our Firm Foundation for Koreans, Inc.'s Motion for Default Judgment [Doc. 38] against Plaintiffs Light for Life, Inc. ("Light for Life") and David Byung Kook Kang for failing to file a timely answer or responsive pleading to its counterclaims. Also before the Court is Plaintiffs' Motion for Leave to File Second Amended Complaint [Doc. 42].[1]

   A. <u>Motion for Default Judgment</u>

On December 5, 2012, Defendants moved the Court for entry of default and default judgment with respect to its counterclaims against Plaintiffs. On December 26, 2012, Plaintiffs filed their answer to Defendants' counterclaims and their response to

---

[1] The summary of facts contained in the Court's December 6, 2012 Order on Defendants' motion for permissive joinder [Doc. 35] and the Court's September 24, 2012 Order on Defendant's motion to dismiss [Doc. 17] are fully incorporated herein by this reference.

1

Defendants' Motion.  Notably, at the date of this Order, the docket does not reflect that default judgment has been entered by the Clerk of Court.

Under Rule 55(a) of the Federal Rules of Civil Procedure, "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."[2]  Consequently, if a party files an answer prior to the request for entry of default, the clerk may not enter default.  Alternatively, if a party files an answer after the request for entry of default but before the entry of default, as is the case here, the clerk still must nevertheless enter default.

Here, although default has not been entered by the Clerk, the Court acknowledges that Defendants would nevertheless be entitled to entry of default because Plaintiffs' Answer was filed after Defendants' request for default.  However, the Court, in its discretion, would not be inclined to grant such relief.  As a matter of public policy, "defaults are not favored in federal court and trials on the merits are the preferred method for resolving disputes."[3]  Here, Plaintiffs filed their response twenty-one days after Defendants moved for default.  Although by no means timely, the Court nevertheless acknowledges the underlying litigation between the parties and that Plaintiffs' answer has been filed, and thus exercises its discretion to deny default

---

[2] Fed. R. Civ. P. 55(a).
[3] *Ritts v. Dealers Alliance Credit Corp.*, 989 F. Supp. 1475, 1480 (N.D. Ga. 1997).

judgment.  Accordingly, Defendants' Motion for Entry of Default and Default Judgment [Doc. 34] is **DENIED**.

    B. <u>Motion for Leave to Amend</u>

In their Motion, Plaintiffs seek to amend their pleadings to add defamation, indemnification, and declaratory judgment claims against Defendants.  Federal Rule of Civil Procedure 15(a) sets forth the procedures for amending pleadings and provides that a party may amend its pleading once as a matter of course within certain time constraints.[4]  Where, as in this case, the time to amend as a matter of course has passed, a party may amend its pleading only by leave of court or by written consent of the opposing party.[5]  Generally, when leave to amend is sought, "it shall be freely given when justice so requires."[6]  However, factors such as undue delay, undue prejudice to defendants, and futility of the amendment are sufficient to justify denying a motion to amend.[7]

Here, the Court cannot determine whether Plaintiffs' proposed amended complaint meets the requisite standards of Rule 15(a) due to Plaintiffs' failure to provide any substance to their claims.  As an initial matter, Plaintiffs did not file a copy of their proposed amended complaint.  Additionally, in support of their Motion, Plaintiffs merely state that the amendments are based on Defendant's behavior toward

---

[4] Fed. R. Civ. P. 15(a).
[5] *Id.*
[6] *Id.*
[7] *Foman v. Davis,* 371 U.S. 178, 182 (1952).

Plaintiff Kang and the potential liability exposure in another case pending before the Court. These deficiencies, correctly noted by Defendants, went unanswered when Plaintiffs elected to neither reply nor attempt to cure the deficiencies. If a plaintiff desires to file a motion to amend the complaint, the plaintiff must attach a copy of their proposed amended complaint to the motion or set forth the substance therein.[8] Accordingly, based on Plaintiffs' Motion, the Court cannot conclude that justice so requires that the Court allow Plaintiffs to amend their complaint under Rule 15(a). Therefore, Plaintiffs' Motion to Amend [Doc. 42] is **DENIED**.

## CONCLUSION

Based on the foregoing, Defendants' Motion for Entry of Default and Default Judgment [Doc. 34] and Plaintiffs' Motion to Amend [Doc. 42] are **DENIED.**

**SO ORDERED,** this 26th day of March, 2013.

<u>S/ C. Ashley Royal</u>
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

LMH

---

[8] *See United States ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1358 (11th Cir. 2006) ("Movant must either attach a copy of the proposed amendment to the motion or set forth the substance thereof.").

4